(22 App. Div. 561.)

## JOHANNES et al. v. MARTIAN.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

1. CANCELLATION OF DEED—EVIDENCE.

At the trial of an action to set aside a conveyance of real estate from plaintiffs, a husband and wife, to defendant, as having been obtained by defendant's fraud, it appeared that the land in question had been owned by a deceased daughter of the plaintiffs, and that shortly after her death intestate, and without issue, the deed in question was executed. Defendant's evidence was to the effect that the matter was fully explained to them, and that they conveyed the property in consideration of his agreement to give them all his property by his will, and that a will to that effect was thereupon executed by him. The trial court found as a fact that the land had been originally bought with defendant's money. *Held*, in view of the better opportunity of the trial court to determine the disputed questions of fact, that the judgment for defendant, after being so modified as to make his agreement appear by the record, should be affirmed.

2. AGREEMENT TO MAKE WILL—SPECIFIC PERFORMANCE.

An agreement, supported by an executed consideration, to give all one's property to a designated beneficiary, by will, is effectual so far as relates to the estate which he may have at his death, and the execution of it may be enforced, by way of specific performance or otherwise, if he fails to leave his will to that effect.

Appeal from special term, Kings county.

Action by Christopher Johannes and Meta Johannes against Felix Martian. Judgment for defendant, and plaintiffs appeal. Modified.

Argued before GOODRICH, P. J., and CULLEN, BRADLEY, and HATCH, JJ.

Charles Strauss (Sidney H. Weinberg on brief), for appellants.
Henry A. Powell, for respondent.

BRADLEY, J. The plaintiffs sought by this action to set aside a conveyance made by them by deed of a certain lot in the city of Brooklyn to the defendant, for the alleged reason that the execution of the deed by them was obtained by fraud and deception practiced upon them by the defendant. The defendant married the daughter of the plaintiffs, and several years after the marriage she died intestate, without issue, seised of the premises in question. They had occupied them as a place of residence for five or six years prior to her death. About one week after her burial, the defendant procured the execution by the plaintiffs of a deed of conveyance to him of the lot, in which the consideration expressed is "one dollar and other considerations." The transaction of the business was at the residence of the plaintiffs, where the defendant and his lawyer came for the purpose. The evidence of the plaintiffs was to the effect that they were not advised, and did not understand, that they executed any deed of conveyance, but that, as they understood, they were requested to sign the defendant's will; and their statement of the circumstances tended to prove that they were, by deceptive means used by the defendant, led into the execution of the deed. The certificate of acknowledgment was made by the lawyer, who was a notary public. The evidence on the part of the defendant was

quite different. It consisted of the testimony of the defendant and the lawyer, and was to the effect that, in consideration of the conveyance to him, the defendant agreed to give them, by his will, all his property; that the plaintiffs were fully informed of the arrangement proposed by the defendant, and understandingly agreed to it. The defendant testified that he paid for the property, and permitted the title to be taken in the name of his wife. It appears that he there executed his will, which, as well as the deed, was drawn before he went there. The subscribing witnesses to the will were the lawyer and Mary Skinner. By the terms of the will he gave to the plaintiffs, or the survivor of them, all of his property, real and personal, after the debts were paid. There was no written memorandum of any agreement between them, and the defendant took away with him both the will and the deed. The plaintiffs were then left quite helpless to establish the agreement by proof, if any occasion should afterwards arise to do so, which occasion for them personally to avail themselves of it is not very probable, since they are old people, and the defendant is in the prime of life. The adoption' by the trial court, upon the evidence of the defendant, as the fact that he paid for the property evidently—as it properly might—was treated as a factor which entered into the consideration there had of the controversy; otherwise the act of conveyance would have been so improvident on the part of the plaintiffs as to excite greater suspicion of deceptive means to obtain it. And, although the evidence of Mary Skinner was somewhat corroborative of the evidence of the plaintiffs, there was a question of fact presented by the evidence for determination, and, in the view which the trial court was permitted to take of the situation on seeing the witnesses and hearing their testimony, it cannot here well be said that the conclusion there reached on the question of fact was against the weight of evidence. The agreement of the defendant to give by will his property to the plaintiffs having, as it did, the support of an executed consideration, was effectual, so far as relates to the estate which he may leave at his death, and the execution of this agreement may be enforced by way of specific performance or otherwise, if he fails to leave his will to that effect. Johnson v. Hubbell, 10 N. J. Eq. 332; Sherman v. Scott, 27 Hun, 331; Edson v. Parsons, 85 Hun, 263, 32 N. Y. Supp. 1036; Parsell v. Stryker, 41 N. Y. 480; Todd v. Weber, 95 N. Y. 181.

The judgment should be so modified as to make the agreement upon which the conveyance was made by the plaintiffs to the defendant appear by the record, and, as so modified, affirmed. All concur.